UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. _____

5 : '06 CV- 35 - R

'06 MAR 15 P12:07

FILED
US DISTRICT COURT CLERK
WESTN DIST. KENTUCKY

**ROBERT McWHINNIE,**           )
                                )
         PLAINTIFF,             )
                                )
                                )
VS.                             )
                                )
                                )
                                )
**UNITED STATES OF AMERICA,**   )
                                )
SERVE VIA CERTIFIED MAIL:       )
Hon. David L. Huber             )     **COMPLAINT**
United States Attorney's Office )
510 West Broadway, 10th Floor   )
Louisville, KY  40202           )
                                )
SERVE ALSO VIA CERTIFIED MAIL:  )
Hon. Alberto R. Gonzales        )
Office of the Attorney General  )
950 Pennsylvania Avenue, NW     )
Washington, D.C. 20530-0001     )
                                )
         DEFENDANT.             )

\* \* \* \* \*

**COMES NOW**, the Plaintiff, Robert McWhinnie, by counsel, and for his Complaint against the Defendant, the United States of America, states as follows:

1.      This action arises under the Federal Tort Claims Act of June 25, 1948, 62 Stat 982 (28 USC §§ 1346(b) 2671 et seq.), as hereinafter more fully appears.

2. The Plaintiff, Robert McWhinnie (hereinafter referred to as "McWhinnie"), is an individual residing at 3940 Minnich Avenue, Apt. A, Paducah, KY 42001.

3. At all times herein mentioned, the Defendant, United States of America (hereinafter referred to as the "United States"0, by and through the Department of the Army, a federal agency of the Defendant, was and is the owner of the U.S. Army military base located at Fort Campbell, Kentucky.

4. At all times referenced herein, Roger Richardson (hereinafter referred to as "Richardson"), was an employee of the United States Army. In doing or failing to do all the acts alleged herein, Richardson was acting within the scope of his employment, and with the permission and consent of the Defendant, United States of America.

5. At all times referenced herein, McWhinnie, while using due care for his own safety, was a civilian employee for the Foley Company. In said capacity, McWhinnie was performing labor at the Fort Campbell, Kentucky military base. On or about August 20, 2002 McWhinnie was performing manual cement repairs in a parking lot located at Fort Campbell.

6. On said date, Richardson, while in the scope of his employment with the United States, negligently operated his motor vehicle in the parking lot in which McWhinnie was working at Fort Campbell, Kentucky. At the aforementioned time, Richardson, while acting within the scope of his employment, operated his vehicle in such a negligent manner as to collide and strike McWhinnie. As a direct result of Richardson's negligence, McWhinnie

suffered permanent and serious physical injuries. At the aforementioned time, McWhinnie was without negligence or fault. At the aforementioned time, Foley Company was without negligence or fault.

7. As a direct and proximate result of Richardson's negligence, McWhinnie has suffered the following permanent injuries, including, but not limited to, the following:

    a. Neck injuries, including a C5-C6 disc herniation requiring a cervical fusion;

    b. Double crush syndrome;

    c. Chronic left-sided neck pain, status post C5-C6 cervical fusion;

    d. Left cervical upper trapezious levitor scapula myofacial pain syndrome;

    e. Chronic depression and insomnia secondary to pain; and,

    f. A closed head injury resulting in brain injury.

8. As a direct and proximate result of said permanent physical impairment herein alleged, McWhinnie has been and will continue to be in great physical, mental and emotional pain and distress, all to his damage in the amount of two million three hundred fifty three thousand, eight hundred ninety-six dollars and forty cents ($2,353,896.40).

9. As a further direct and proximate result of said injuries, Plaintiff has incurred, and will incur for an indefinite time in the future, medical expenses and obligations as follows:

      a.      Past Medical Expenses:      $50,000.00

      b.      Estimate Future Medical Expenses:      $175,000.00

10. For many years prior to said injuries, McWhinnie was employed as a construction worker/laborer/scaffolding foreman/safety coordinator, and at the time of his injuries as alleged herein, was earning approximately $1,036.55 per week in his employment. As a direct and proximate result of the United States' employee, and the injuries he suffered, McWhinnie has incurred lost wages resulting in damages in the sum of one hundred ninety thousand, seven hundred twenty-five dollars and twenty cents ($190,725.20). Further, McWhinnie has informed, believes and, therefore, alleges that said injuries are permanent injuries, and as a result McWhinnie will suffer lost wages and diminished earning capacity in the future in the amount of $1,239,713.80.

11. On August 6, 2004, McWhinnie filed a timely claim for administrative settlement with the general services administration for the sum of $4,009,335.48.

12. As of the date of this Complaint, the General Services Administration has failed to make a final disposition of the Plaintiff's claim within six (6) months after it was filed.

**WHEREFORE**, the Plaintiff, Robert McWhinnie, respectfully requests the following relief:

    A.    Judgment against the Defendant United States of America for past medical expenses incurred and judgment in an amount reasonably calculated to compensate Plaintiff for future medical expenses;

B.   Judgment against the Defendant United States of America in an amount reasonably calculated to compensate Plaintiff for his past and future pain and suffering, both physical and mental;

C.   Judgment against the Defendant United States of America in an amount reasonably calculated to compensate Plaintiff for his past and future loss of earnings;

D.   Costs of this action, including attorneys' fees;

E.   A trial by jury on all issues so triable; and,

F.   For any and all other relief to which the Plaintiff may appear entitled.

**SO DATED**, this 9TH day of MARCH, 2006.

_____
Jason E. Holland
KEMP, ISON, HARTON, TILLEY & HOLLAND
612 South Main Street
P.O. Box 648
Hopkinsville, KY 42241-00648
Telephone:   270.886.8272
Facsimile:    270.885.5207
**Counsel for Plaintiff Robert McWhinnie**

And

Raymond McGee by JE Holland w/ permission
_____
Raymond McGee
115 E. Adair Street
P.O. Box 39
Smithland, KY 42081
Telephone:   270.928.2178
Facsimile:    270.885.5207
**Co-Counsel for Plaintiff Robert McWhinnie**

## VERIFICATION

Plaintiff, Robert McWhinnie, states that he has read the foregoing Complaint, and that all statements contained therein are true and accurate to the best of her knowledge and belief.

Dated, this __07__ day of __MARCH__, 2006.

_Robert McWhinnie_
Robert McWhinnie


STATE OF __Illinois__   )
                        )   SCT
COUNTY OF __Montgomery__ )

Subscribed, sworn to and acknowledged before me by Robert McWhinnie, to be his free act and deed; this __7th__ day of __March__, 2006.

My Commission Expires: __2-23-09__

Official Seal
Sarah Clem
Notary Public State of Illinois
My Commission Expires 02/23/2009

_Sarah Clem_
Notary Public, State at Large

6